JOSEPH S. LEVENTHAL (221043)
joseph.leventhal@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

LINDSEY J. BOYD (318860)
lindsey.boyd@dinsmore.com
DINSMORE & SHOHL LLP
101 South 5th Street, Suite 2500
Louisville, Kentucky 40202
Tel: (502) 540-2357
Fax: (502) 540 2529

Attorneys for Plaintiff
CARSFORSALE.COM, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CARSFORSALE.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> USED CARS FOR SALE, LLC, DEALERLEADS, LLC, CARWEEK.COM, and STEVE TACKETT, an individual, <br><br> Defendants. | Case No. 2:18-CV-02206 <br><br> **COMPLAINT FOR:** <br><br> **(1) FEDERAL TRADEMARK INFRINGEMENT;** <br> **(2) FEDERAL UNFAIR COMPETITION;** <br> **(3) CYBERSQUATTING;** <br> **(4) CALIFORNIA UNFAIR COMPETITION;** <br> **(5) CALIFORNIA COMMON LAW – UNFAIR COMPETITION; AND** <br> **(6) UNJUST ENRICHMENT.** |

Plaintiff, Carsforsale.com ("CFS"), by and through counsel, submits the following complaint against Defendants, Used Cars For Sale, LLC ("UCFS"),

Dealer Leads, LLC ("Dealer Leads"), Carweek.com ("Carweek"), and Steve Tackett ("Tackett") (collectively, "Defendants") and states as follows:

## NATURE OF THE CASE

1. CFS owns and uses the federally registered and incontestable trademark CARSFORSALE.COM. It provides a nationally renowned internet marketplace for automobile dealerships and individuals interested in the purchase or sale of vehicles, operates under the CARSFORSALE.COM trademark and the domain name carsforsale.com, and has made such use for nearly two decades.

2. About four months ago, Defendant UCFS launched its identical and competitive internet business under the trademark USED CARS FOR SALE at the domain name usedcarsforsale.com in the same internet marketplace as CFS to provide the same services provided by CFS to the same target consumers as CFS.

3. CFS brings this suit under the Lanham Act, Title 15 of the United States Code §§ 1114, 1116–1118, and 1125, California Business and Professional Code §§ 14200 *et seq.* and 17200 *et seq.*, and California common law to stop the Defendants' unfair and infringing conduct and to recover damages already incurred from Defendants' bad faith conduct.

## THE PARTIES

4. CFS is a company organized and existing under the laws of South Dakota with its principal place of business in Sioux Falls, South Dakota.

5. Upon information and belief, UCFS is a limited liability company organized under the laws of California with its principal place of business at 24009 Ventura Boulevard, Suite 235, Calabasas, California 91302.

6. Upon information and belief, Defendant Dealer Leads is a limited liability company organized under the laws of California with its principal place of business at 24009 Ventura Boulevard, Suite 234, Calabasas, California 91302.

7. Upon information and belief, Defendant Carweek is doing business as Tackett, Dealer Leads, and/or UCFS, and is governed by the laws of California with its principal place of business at 24009 Ventura Boulevard, Suite 235, Calabasas, California 91302.

8. Upon information and belief, Defendant Tackett is domiciled in California and is a proprietor of, is doing business as, or is a person principally responsible for the direction and control of UCFS, Dealer Leads, and Carweek.com.

9. Upon information and belief, Tackett was and remains in a position to participate in and direct, and in fact did participate in and direct, the wrongful conduct of UCFS and Dealer Leads as set forth in this complaint.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) because it involves substantial claims arising under the Lanham Act, it involves citizens of different

states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

12. Defendants are subject to personal jurisdiction in this judicial district because they have committed and continue to commit substantial acts of infringement in this judicial district, UCFS, Dealer Leads, and Carweek are organized in California and have their principal places of business in Los Angeles, and Tackett is domiciled in this district.

13. Venue in this district is proper under 28 U.S.C. § 1391(b) because all defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

**A.    CFS and the CARSFORSALE.COM Trademark.**

14. For nearly 20 continuous years, CFS has provided a nationally renowned internet business for automobile dealerships and individuals interested in the purchase or sale of vehicles.

15. CFS's web platform provides website design and internet inventory management services to over 23,000 dealerships in all fifty states and these dealerships advertise over one million cars daily.

16. On May 31, 2000, the founder of CFS, Sean Coffman, purchased and first used the domain name carsforsale.com, and immediately commenced use of the domain name as the brand of his internet business.

17. On September 10, 2004 CFS registered with the South Dakota Secretary of State to do business as a corporation.

18. CFS owns U.S. Registration No. 4,134,016 for the trademark CARSFORSALE.COM with the U.S. Trademark Office in International Class 35, in connection with:

> Internet marketplace for dissemination of automobile advertisements for others and means for connecting prospective purchasers with desired automobiles.

The application was filed on February 10, 2011 and the registration was issued on May 1, 2012, claiming a first use date of May 31, 2000 (the "CFS Registration"). A true and correct copy of the registration is attached as **Exhibit A**.

19. The CFS Registration is valid and subsisting; constitutes *prima facie* evidence of CFS's exclusive right to use the trademark in interstate commerce in connection with the services specified in the Registration; and serves as constructive notice of CFS's ownership of the mark under 15 U.S.C. §§ 1057, 1072, and 1115.

20. In addition, the CFS Registration has become incontestable under 15 U.S.C. §1065.

21. CFS also owns all common law rights and interest in the CARSFORSALE.COM trademark (the trademark registrations and common law rights are hereinafter collectively referred to as the "CARSFORSALE.COM Trademark").

22. CFS was one of the originators of the internet business model for vehicle dealership presence and inventory / transaction management services and continues to be one of the industry leaders both in business volume and innovation.

23. In its twenty years of doing business, CFS has invested more than three million dollars in advertising and advertising promotions, and has built up substantial market presence, significant consumer recognition, and goodwill in the CARSFORSALE.COM Trademark.

24. As a result of CFS's efforts, the public has come to recognize and rely upon the CARSFORSALE.COM Trademark when looking for cars online, which drives used car dealers to purchase website hosting, inventory management, advertising, and transaction service subscriptions from CFS.

25. As a result of CFS's long-term and widespread use of the CARSFORSALE.COM Trademark in the United States via internet, television, radio, and print advertising, and continuous and unsolicited media coverage, the CARSFORSALE.COM Trademark enjoys a high degree of consumer recognition and has become a famous mark.

**B.     The Defendants' Unauthorized Use of the CARSFORSALE.COM Trademark.**

26.   On information and belief, Defendant Tackett is the CEO and owner of UCFS, Carweek, and Dealer Leads.

27.   Dealer Leads links internet traffic directly to local automobile dealer websites.

28.   On or around August 2017, Defendant Tackett purchased the domain name, usedcarsforsale.com for $340,000.

29.   The purchase of usedcarsforsale.com was the largest purchase of a domain name in the automotive industry since carsales.com in 2008 and autos.com in 1999.

30.   The purchase of usedcarsforsale.com "added to an extensive list of domains (5,000) owned by Tackett that are predicated on behaviorally targeted 'exact match' Google search phrases, and make up a network of search-based, classified listing sites." Kelly Kleinman, *UsedCarsforsale Domain Sells for Whopping $340,000*, DIGITAL DEALER (Aug. 7, 2017), https://www.digitaldealer.com/usedcarsforsale-domain-sells-whopping-340000/.

31.   On November 7, 2017, Defendant Tackett registered the name Used Cars for Sale, LLC with the California Secretary of State.

32.   At or about the same time, UCFS began operations at usedcarsforsale.com as an internet marketplace for automobile dealerships and

individuals to participate in who are interested in the purchase or sale of vehicles; in direct competition with the identical service provided by CFS under the CARSFORSALE.COM Trademark.

33. Importantly, the services offered at usedcarsforsale.com are the same services Tackett provides through the non-infringing domain name carweek.com.

34. Usedcarsforsale.com completely subsumes the CARSFORSALE.COM Trademark, and the price of the domain reflects the value of the goodwill in the CARSFORSALE.COM Trademark.

35. Two weeks before UCFS was registered with the Secretary of State, Tackett released the following statement regarding the business and the domain, "As a big thank you to the industry that's been great to me and my team, I thought I'd give back by making usedcarsforsale.com a gift to the industry. I like the trade-off, dealers get great leads, traffic, and sales at no cost, we get to see which emerging technologies are the most effective at driving car shoppers to their sites…." Kelly Kleinman, *UsedCarsforsale.com to Become Used Car Industry's Only Free Classified Listing Mega-Site*, CISION PRWEB (October 25, 2017), http://www.prweb.com/releases/2017/10/prweb14841836.htm.

36. UCFS reveals its intent to misappropriate the goodwill of the CARSFORSALE.COM Trademark by referring to itself in at least two places on its website, not as Used Cars for Sale, but as usedcarsforsale.com.

37. Usedcarsforsale.com advertises that it provides a "NO COST Basic Listing service across the United States and Canada for all auto dealerships that are currently licensed and bonded." *See* https://usedcarsforsale.com/contact, attached as **Exhibit B** (emphasis in original).

38. Usedcarsforsale.com further states that "USEDCARSFORSALE.COM is the CAR INDUSTRY'S ONLY resource for UNLIMITED inventory posting, leads, and traffic for pre-owned vehicles nationwide. Drive traffic, leads, and sales to your dealership at no charge!" *Id.*

39. Tackett intentionally selected the name usedcarsforsale.com to divert traffic and customers away from CFS by trading off its CARSFORSALE.COM Trademark.

40. Once automobile dealers sign up for the "free services" offered at usedcarsforsale.com, Tackett's sales team contacts the dealers to ask them if they would like to link to carweek.com, for a price set less than the subscription service offered by CFS.

41. CFS then receives email requests from carweek.com for a transfer of the automobile dealer's inventory to the carweek.com website.

42. Since Tackett launched usedcarsforsale.com, CFS has observed transfer requests to carweek.com rise dramatically. (*See* Graph, attached at **Exhibit C**.)

43. Only CFS or its licenses are authorized to advertise, market, and promote an internet marketplace for the purchase and sale of cars using the CARSFORSALE.COM Trademark in the United States.

44. Without authorization from CFS, Tackett registered the domain name usedcarsforsale.com, which expressly subsumes the CARSFORSALE.COM Trademark, and uses CFS's goodwill and brand recognition to divert traffic from the CFS carsforsale.com domain and business to Tackett's other companies.

45. The dramatic rise in transfer requests expressly demonstrates the goodwill in the CARSFORSALE.COM Trademark, and that Tackett is using the CFS mark in usedcarsforsale.com to intentionally divert consumers from CFS.

46. Auto dealerships and individuals interested in the purchase or sale of vehicles have been confused into believing that CFS has authorized or permitted the wrongful acts of Defendants.

47. CFS, through counsel, sent a demand letter to Defendants informing them of Plaintiff's valuable trademark rights and demanding that they cease and desist all use of the CARSFORSALE.COM Trademark.

48. Notwithstanding CFS's demand letter, the wrongful acts set forth in this complaint continued. As of the date of the Complaint, Defendants continue to use the CARSFORSALE.COM Trademark, and confusingly similar variations of the CARSFORSALE.COM Trademark, without authorization.

49. Defendants' actions continue to be likely to cause confusion in the marketplace. The confusion related to the CARSFORSALE.COM Trademark continues to injure Plaintiff.

50. Additionally, UCFS's offer to provide the same services on usedcarsforsale.com for free that CFS provides on carsforsale.com for a subscription fee violates state common law for unfair competition and the California Business and Professions Code.

51. Defendants' failure to comply with CFS's demands demonstrates a deliberate intent to continue willfully infringing on CFS's rights in the CARSFORSALE.COM Trademark.

## COUNT 1

## FEDERAL TRADEMARK INFRINGEMENT

52. CFS incorporates and realleges all previous paragraphs as though fully set forth here.

53. CFS owns all registered and common law rights in the CARSFORSALE.COM Trademark .

54. Under 15 U.S.C. § 1115, the Registration is *prima facie* evidence of the validity of the CARSFORSALE.COM Trademark and of CFS's exclusive right to use the mark in commerce.

55. Defendants' use of the CARSFORSALE.COM Trademark as set forth above has and will continue to cause confusion or mistake and deceive the public

into believing that Defendants' use of usedcarsforsale.com originates from, is affiliated with, or is sponsored by CFS in violation of 15 U.S.C. § 1114.

56. Defendants' unlawful conduct was undertaken with the intent to misappropriate CFS's goodwill in the CARSFORSALE.COM Trademark in violation of 15 U.S.C. § 1114.

57. Defendants have been notified that CFS owns and asserts rights in its CARSFORSALE.COM Trademark and that Defendants' continued use of usedcarsforsale.com, which fully incorporates the CARSFORSALE.COM Trademark, is unlawful.

58. Defendants have willfully, wantonly, and intentionally continued to use the CARSFORSALE.COM Trademark.

59. The infringing conduct of Defendants has caused, and likely will continue to cause, both irreparable harm and monetary damages to Plaintiff. Unless this Court restrains Defendants from further infringing conduct, Plaintiff will continue to suffer irreparable harm, for which they have no adequate remedy at law.

## COUNT 2

## FEDERAL UNFAIR COMPETITION

60. CFS incorporates and realleges all previous paragraphs as though fully set forth here.

61. CFS owns all registered and common law rights in the CARSFORSALE.COM Trademark . Under 15 U.S.C. § 1115, the Registration is

*prima facie* evidence of the validity of the CARSFORSALE.COM Trademark and of CFS's exclusive right to use the mark in commerce.

62. Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive individuals and automobile dealerships as to the affiliation, connection, or association of Defendants with CFS as to the origin, sponsorship, or approval of Defendants' commercial activities by CFS in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Upon information and belief, Defendants' acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with CFS and the CARSFORSALE.COM Trademark.

64. Defendants' acts of infringement have caused both irreparable harm and monetary damage to Plaintiff and, unless restrained, will cause further irreparable harm, leaving Plaintiff with no adequate remedy at law. By their foregoing acts, Defendants have deceived and confused members of the public, and they are likely to continue to do so unless restrained and enjoined by this Court.

## COUNT 3

## CYBERSQUATTING

65. CFS incorporates and realleges all previous paragraphs as though fully set forth here.

66. CFS owns all registered and common law rights in the CARSFORSALE.COM Trademark. Under 15 U.S.C. § 1115, the Registration is *prima facie* evidence of the validity of the CARSFORSALE.COM Trademark and of CFS's exclusive right to use the mark in commerce.

67. Tackett purchased the domain name usedcarsforsale.com for $340,000.

68. Tackett paid the purchase price for usedcarsforsale.com, registered the domain name, and, in his own words, uses it to offer for free the services offered by CFS at carsforsale.com at a subscription price.

69. Defendants have used, and are using, the domain name usedcarsforsale.com that is legally identical to and/or confusingly similar to the CARSFORSALE.COM Trademark, which had acquired substantial recognition, goodwill, and distinction prior to the registration of usedcarsforsale.com.

70. Defendants' use of the CARSFORSALE.COM Trademark in usedcarsforsale.com is for the express purpose of diverting individuals and automobile dealerships from CFS's online industry presence at the domain carsforsale.com to usedcarsforsale.com, with the intent to damage the business of CFS, to the benefit of Defendants' other competing, and legitimate businesses, located at the domains carweek.com and dealerleads.com with the intention that individuals and automobile dealerships will use Tackett's services and online internet marketplace instead of CFS's online marketplace, or to create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

71. Defendants have engaged in the conduct that is the subject of this complaint with the bad-faith intent to profit from the CARSFORSALE.COM Trademark.

72. By the improper use of the CARSFORSALE.COM Trademark in usedcarsforsale.com, Defendants have caused and are causing substantial irreparable harm to CFS and will continue to damage CFS unless enjoined by this Court.

73. Defendants' conduct violates Section 43(d) of the Lanham Act, 15 U.S.C. 1125(d).

74. The cybersquatting conduct of Defendants have caused both irreparable harm and monetary damage to CFS, and unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to CFS and the CARSFORSALE.COM Trademark for which CFS does not have an adequate remedy at law.

## COUNT 4

## CALIFORNIA UNFAIR COMPETITION

75. CFS incorporates and realleges all previous paragraphs as though fully set forth here.

76. Cal. Bus. & Prof. Code § 17200, *et. seq.*, states that unfair competition shall mean and include any "unlawful, unfair, or fraudulent business act or practice."

77. Under Section 17043 it is unlawful for UCFS to give services for free for the purpose of injuring CFS or destroying competition.

78. Additionally, Sections 17030 and 17044 provide that it is unlawful for any person engaged in business to sell or use any service as a loss leader where the purpose is to divert trade from or otherwise injure competitors.

79. Defendants' acts as alleged constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200, *et. seq*. because Defendants have unfairly used and infringed, and continue to use and infringe on the CARSFORSALE.COM Trademark while engaging in unfair business practices as defined by the Cal. Bus. & Prof. Code.

80. Defendants' conduct constitutes fraudulent business acts and practices because Defendants have unfairly and deceptively marketed and advertised under usedcarsforsale.com which is confusingly similar to the CARSFORSALE.COM Trademark.

81. Defendants' conduct is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with CFS or as to the origin, sponsorship, or approval of Defendants' commercial activities by CFS in violation of § 17200 *et seq*. of the Cal. Bus. & Prof. Code.

82. Upon information and belief, Defendants' acts of unfair competition, specifically Defendants' use of the CARSFORSALE.COM Trademark and providing the same services provided by CFS to automobile dealerships for free as

described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with the CARSFORSALE.COM Trademark and to divert trade from or otherwise injure CFS.

83. Defendants' acts of infringement have caused both irreparable harm and monetary damage to CFS in an amount that cannot be ascertained at this time but is in excess of $75,000 and, unless restrained, will cause further irreparable harm, leaving CFS with no adequate remedy at law. By their foregoing acts, Defendants have deceived and confused members of the public, and they are likely to continue to do so unless restrained and enjoined by this Court.

## COUNT 5

## UNFAIR COMPETITION – CALIFORNIA COMMON LAW

84. CFS incorporates and realleges all previous paragraphs as though fully set forth here.

85. Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with CFS or as to the origin, sponsorship, or approval of Defendants' web services or commercial activities by CFS in violation of the common law of California.

86. Upon information and belief, Defendants' acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to

misappropriate the goodwill and reputation associated with the CARSFORSALE.COM Trademark.

87. Defendants' acts of infringement and unfair competition have caused both irreparable harm and monetary damage to Plaintiff in an amount that cannot be ascertained at this time but is in excess of $75,000 and, unless restrained, will cause further irreparable harm leaving Plaintiff with no adequate remedy at law.

## COUNT 6

## UNJUST ENRICHMENT

88. CFS incorporates and realleges all previous paragraphs as though fully set forth here.

89. CFS has spent nearly two decades investing in the CARSFORSALE.COM Trademark and building substantial recognition and goodwill in the industry and with the consuming public.

90. By virtue of the illegal acts of Defendants as described above, Defendants have been unjustly enriched using CFS's goodwill and the CARSFORSALE.COM Trademark to enhance their own commercial profit in an amount to be proven at trial.

91. Defendants' retention of profit gained through its unfair and deceptive business practices, infringement of the CARSFORSALE.COM Trademark, and CFS's goodwill would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

92. Accordingly, CFS is entitled to an amount that cannot be ascertained at this time but is in excess of $75,000 for Defendants' unjust enrichment.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. That Defendants, their officers, agents, principals, divisions, sales representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors, and assigns and all persons acting by, through, under or in active concert or in participation with any of them, be permanently enjoined from:

    i. Using the CARSFORSALE.COM Trademark;

    ii. Marketing and selling services using the CARSFORSALE.COM Trademark.

B. That Defendants be required to account to CFS for all profits realized by Defendants from Defendants' unauthorized use of the CARSFORSALE.COM Trademark and for all damages sustained by CFS on account of the infringement and unfair competition and that those damages be trebled pursuant to 15 U.S.C. § 1117;

C. That Defendants be ordered to pay CFS damages they have sustained as a consequence of Defendants' unfair competitive acts pursuant to 15 U.S.C. § 1114;

D. That Defendants be ordered to stop use of the CARSFORSALE.COM Trademark as a marketing and advertising tool pursuant to 15 U.S.C. § 1118;

E. That Defendants surrender to CFS all domain names utilizing the term CARSFORSALE.COM in any form and be permanently enjoined from obtaining or using any such domain names, pursuant to 15 U.S.C. § 1125(d);

F. That Defendants be ordered to pay CFS costs and reasonable attorney's fees CFS sustains in this action pursuant to 15 U.S.C. § 1117; and,

G. All other relief to which CFS is entitled.

Dated: March 16, 2018            Respectfully submitted,

/s/ Lindsey J. Boyd
JOSEPH S. LEVENTHAL
LINDSEY J. BOYD

Attorneys for Plaintiff
CARSFORSALE.COM, INC.