NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CARSFORSALE.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> USED CARS FOR SALE, LLC, DEALERLEADS, LLC, CARWEEK.COM, and STEVE TACKETT, an individual, <br><br> Defendants. | Case No. 2:18-cv-02206-CBM-JPR <br> Hon. Consuelo B. Marshall <br> [Discovery Document Referred to Magistrate Judge Jean P. Rosenbluth] <br><br> **STIPULATED [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY** <br><br> Judge: Consuelo B. Marshall <br> Magistrate Judge: Jean P. Rosenbluth <br> Complaint Filed: March 5, 2018 |

# [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY

1. This Protective Order shall govern the handling of all documents and information exchanged during the course of this litigation that a party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively referred to as "Protected Material").

2. In the course of this action, the parties may propound discovery that seeks information that is regarded by at least one party hereto as sensitive, proprietary, trade secret, or otherwise confidential because the information sets forth or contains business, personal, private information of an individual, or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c).

3. A party's assent to this Protective Order shall not be deemed an admission that any discovery propounded is appropriate or that any other party's information is in fact sensitive, proprietary, trade secret or otherwise confidential, but merely that such other party regards the information so designated as such.

4. The parties hereto agree that "Protected Material" obtained through the pre-trial phase of this action should be protected from unwarranted use or disclosure to third parties and shall be used solely for the purposes of this litigation.

5. **DESIGNATION OF PROTECTED MATERIAL.**

    5.1 Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, things, discovery responses, trial or deposition testimony, or other material, which the party (or non-party) believes in good faith contains information, falling within the definition of "Protected Material," as defined herein.

    5.2 Any party or non-party may designate as "CONFIDENTIAL" any document or portion thereof that contains or discloses any of the following:

///

(a) Nonpublic inside information, private individual financial information, confidential and/or commercially sensitive information, personnel files, and other sensitive or proprietary information, including, but not limited to, information that has not been made public or disclosed to third parties and that concerns or relates to the process, operations, type of work or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventions, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation or organization from which the information is obtained; and

(b) Information that the party or non-party is under a duty to preserve as confidential under an agreement with or other obligation to another person. The parties hereto agree to disclose any such agreement or writing that evidences the duty to preserve as confidential the information designated as such.

5.3 Any party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any document or portion thereof that contains or discloses any of the following:

(a) Such materials as the party reasonably and in good faith believes to contain particularly sensitive technical information relating to research for and production of current products; technical, business, and research information regarding future products; non-public and highly sensitive financial information, marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; any pending or abandoned patent applications, foreign or domestic; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and

character that disclosure of such information would be harmful to the designating party.

5.4 The term "Protected Material" as used in this Protective Order shall refer to the original and copies of any so designated document, testimony, or other discovery material, and shall also refer to the information contained in such material. All notes, extracts, and summaries of such "Protected Material" shall be considered confidential and be subject to the terms of this Protective Order.

5.5 In designating "Protected Material" (a) a party or non-party entity shall make such a designation only as to material that the party or non-party entity in good faith believes constitutes matter used by it in, or pertaining to, its business and is not generally known or otherwise available to the public, which the party or non-party entity would normally not reveal to third-parties or would cause third-parties to maintain in confidence, or (b) if a non-party individual makes such a designation as to material that the non-party individual in good faith believes constitutes matter used by him or her, or pertaining to him or her, and is not generally known or otherwise available to the public, which the non-party individual would normally not reveal to third-parties or would cause third-parties to maintain in confidence.

(a) Notwithstanding the provisions of paragraph 5.5 above, an employee or person otherwise under the control of a party is not considered a "non-party individual."

5.6 The party designating "Protected Material" bears the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

5.7 Discovery of all "Protected Material" shall be subject to the provisions of this Protective Order, and pending further order of the Court, shall be maintained in confidence by the receiving party(ies) (or other authorized person to whom such material is produced or given) as provided herein.

6. **RESTRICTION ON USE AND DISCLOSURE OF DESIGNATED AND NON-DESIGNATED MATERIALS.**

6.1 Absent a specific order of this Court, "Protected Material" and any information derived therefrom, shall be used by the parties solely in connection with this litigation, and not for any business, competitive or other purpose, and such information shall not be disclosed to anyone except as provided herein.

6.2 Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "Protected Material." No copies of "Protected Material" shall be made except by or on behalf of counsel for the parties.

6.3 A receiving party may disclose documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following persons:

(a) The outside attorneys of record (i.e., non-in-house attorneys) and their partners, associates, and employees who are engaged in assisting in this action;

(b) Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), but only subject to the provisions of paragraph 6.5 below;

(c) The Court and its personnel;

(d) Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(e) Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel;

///

(f) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information;

(g) Any mediator or settlement officer who is assigned per order of the Court to hear this matter, and his or her staff; and

(h) Any other person with the prior written consent of the designating party.

6.4 Information which has been designated as "CONFIDENTIAL" may be disclosed only to the persons identified in paragraph 6.3 above and, in addition, persons either employed by the Parties in their in-house legal departments or employed by the Parties and otherwise engaged in litigation efforts related to this action and that reasonably require access to the information for litigation related purposes.

6.5 Protected Material shall be disclosed to consultants and experts only upon the following terms:

(a) Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's *curriculum vitae* and a list of the expert's litigation or consulting engagements for the past three years;

(b) Unless another party notifies the proposing party of any objection and that objection is received within five business days after notification (by fax, by email, or by overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Protective Order;

///

///

///

5
Case No. 2:18-cv-02206-CBM-JPR
STIPULATED PROTECTIVE ORDER

(c) In the event of a timely objection, which shall be made in good faith and on reasonable grounds, the proposing party shall refrain from disclosure of Protected Material to the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court;

(d) The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court. The burden is on the objecting party to seek the intervention of the Court by appropriate motion under Local Rule 37 to preclude the proposing party from disclosing Protected Material to the consultant or expert. If no such motion is filed within 25 business days of receipt of the objection, the proposing party may disclose Protected Material to the consultant or expert as if no objection has been raised; and

(e) No party shall use its right to object to a proposed consultant or expert to unreasonably interfere with the ability of another party to prepare for trial through the use of consultants and experts.

6.6 Prior to receiving any Protected Material, any persons described in sections (b), (d), or (e) of paragraph 6.3 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Written Assurance Pursuant To The Stipulated Protective Order Regarding Discovery" attached as **Exhibit A**. A copy of the signed Agreement shall be maintained by counsel for the party providing such access and a copy shall be provided within three (3) business days to any other counsel upon written request.

7. The recipient of any "Protected Material" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

///

///

1      8.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and relying generally on examination of "Protected Material."

9.     **INADVERTENT DISCLOSURE OR FAILURE TO MARK OR DESIGNATE PROTECTED MATERIAL.**

9.1    Inadvertent production of "Protected Material" subject to the attorney-client privilege, work-product immunity, or other applicable privilege or immunity shall not constitute a waiver of any otherwise applicable privilege or immunity provided that the producing or designating party notifies the receiving party(ies) in writing promptly after discovery of such inadvertent production. Such inadvertently produced material, and any copies that may have been made of such material, shall be returned to the producing party upon request within ten (10) days. No use shall be made of such material during a deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return, unless ordered by the Court. *See* Fed. R. Evid. 502.

9.2    In the event of any disclosure or use of "Protected Material" other than in the manner authorized by this Protective Order (or subsequent Court order), counsel for the party responsible for the disclosure or use shall immediately notify counsel of the party who produced and/or designated the material of the facts and circumstances of such disclosure or use, including the identity of the unauthorized recipient(s) and the specific material disclosed to such person, and shall make every effort to prevent further unauthorized disclosure or use by, among other things, retrieving all such disclosed material and copies of such material.

Subject to the right of a non-producing party or non-party to designate "Protected Material" no designation of documents, including the papers served and/or filed in this case, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be effective unless the words or phrases

1 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL Pursuant To Protective Order," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER," are placed or affixed on such material prior to its production. In the event that a producing party or non-party inadvertently fails to stamp or otherwise designate a document or other information at the time of its production, or a non-producing party wishes to designate a document or other information, the producing party or non-party may correct its non-designation, or the non-producing party or non-party may make its designation, by written notification to the receiving party(ies), and the receiving party(ies) shall make a reasonable effort to mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. The receiving party(ies) and other authorized recipients of such documents and information shall not be responsible for any otherwise proper actions they took with respect to such information before they received notice of the designation. Any document produced prior to the execution of this Protective Order shall not be treated as "Protected Material" unless a party otherwise indicates before or after entry of this Protective Order by written notification that the document should be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" according to the terms of this Protective Order.

10. **PROCEDURE FOR USING PROTECTED MATERIAL IN DEPOSITIONS.**

10.1 Testimony given at a deposition (including exhibits) may be designated as "Protected Material" by an appropriate statement on the record at the time of the giving of such testimony, or within twenty (20) days after receipt of the transcript by the counsel for the party whose "Protected Material" was disclosed at the deposition. Counsel may designate the transcript, or portions thereof, as

"Protected Material" either during the deposition or during the twenty (20) day review period by written notification to opposing counsel. Until expiration of the twenty (20) day review period, the entire transcript, including exhibits, shall be deemed "Protected Material." If there is no statement on the record designating the transcript or any portion of the transcript as "Protected Material" and if no such designation is made prior to expiration of the twenty (20) day review period, the transcript shall not be considered as "Protected Material", except for designations inadvertently omitted, which may be corrected by written notification as set forth in paragraphs 9.1 and 9.2 of this Protective Order.

## 11. **FILING MATERIALS UNDER SEAL.**

11.1 This Protective Order does not of itself permit materials to be filed under seal. Any documents filed under seal must comport with the rules of this Court, in particular, Local Rule 79-5 *et seq*. Nothing in this Protective Order shall prevent any party from applying to file "Protected Material" with the Court for the Court's use in connection with any motions, trial, appeal, or other issues before it. However, unless the party designating the document or material as "Protected Material" agrees otherwise, all documents or information comprising or containing "Protected Material" that are filed shall be filed under seal pursuant to the rules of this Court, including Local Rule 79-5 *et seq*. No documents filed under seal shall be made available to third parties or the public except in conformance with Local Rule 79-5.2 and 79-5.3 unless ordered by the Court.

## 12. **OBJECTIONS TO PROTECTED MATERIAL.**

12.1 In the event that any party objects to the designation of any document, testimony, information, or material or portion thereof as "Protected Material" the objecting party may seek modification of the designation in accordance with the following procedure. The party's failure to object shall not constitute an admission of any kind or for any purpose.

    (a) The objecting party may notify the designating party, in writing,

9     Case No. 2:18-cv-02206-CBM-JPR
STIPULATED PROTECTIVE ORDER

at any time of its contention that the designation as "Protected Material" does not concur with the standards set forth in this Protective Order. The parties shall attempt to resolve such disputes informally and in good faith.

(b) In the event that such disputes are not resolved informally, the burden is on the objecting party to seek the intervention of the Court by appropriate motion under Local Rule 37 to oppose the designating party's labeling of the "Protected Material" as designated. If no such motion is filed within thirty business days (30) days from receipt of the designated materials, the designation shall stand, unless the Court finds good cause for the delay in which case the Court may address the merits of the motion. In the event that the objecting party files an appropriate motion to challenge the confidentiality designation, the document shall be submitted in its entirety to the Court under Local Rule 79-5. To maintain the designation and to prevail on a motion to the Court, the Designating Party must show that there is good cause for the designation. Pursuant to this paragraph the Court shall make an independent determination as to whether or not any given document is "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" based upon facts then existing.

(c) Pending resolution of any motion filed pursuant to this paragraph, all documents or discovery material designated as "Protected Material" shall be treated as such until the Court rules otherwise.

13. **RETURN OF MATERIAL.**

13.1 Within thirty (30) days of the final conclusion of this litigation, including any post-trial motions or appellate proceedings, counsel of record shall either secure the return of all copies, prints, extracts, summaries, and other reproductions of all "Protected Material" from all persons to whom the "Protected Material" was disclosed except the Court and its personnel, and shall return such materials to the disclosing party's counsel of record, or destroy such materials and certify the destruction of the same. Alternatively, documents that have been

designated as "Protected Material" may be deposited into a mutually-agreeable document storage facility. No person may gain access to any of the documents in that storage facility without either the joint approval of the attorneys for the parties or a Court Order. Additionally, the Court will retain jurisdiction to modify and/or enforce the terms of this Protective Order after the disposition of this litigation.

### 14. **SCOPE OF THIS PROTECTIVE ORDER.**

14.1 This stipulation shall be binding on all parties whose attorneys have signed below. In the event a party retains new or additional counsel during the above-captioned proceedings, this stipulation shall remain in effect against all parties to the stipulation and shall be binding on new counsel.

15. Notwithstanding any other provision of this Protective Order, non-parties, including former officers or former employees of parties, may be examined at a deposition or trial in this action and may testify concerning any document containing "Protected Material" that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.

16. Notwithstanding anything to the contrary contained herein, all objections as to the admissibility of evidence of the documents, material or information subject to this Protective Order are reserved and are not waived by any terms of this Protective Order.

17. Any attorney for any party may furnish "Protected Material" to any attorney for a party without waiving the protected status of such "Protected Material".

18. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person: (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work-product or privileged under federal law, material as to which the producing party claims a legal obligation not to disclose, or material not

required to be provided pursuant to federal law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as "Protected Material" governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

19. Designation of material as "Protected Material" on the face of such material shall have no effect on the authenticity or admissibility of such material at trial.

20. This Protective Order shall not preclude any person from waiving the applicability of this Protective Order with respect to any "Protected Material" provided by that person, or using any "Protected Material" provided by that person, or using any "Protected Material" owned by that person in any manner that person deems appropriate.

21. This Protective Order shall not affect any contractual, statutory, or other legal obligation or the rights of any party or person with respect to "Protected Material" designated by that party.

22. The restrictions set out in the Protective Order shall not apply to any material which: (a) at the time it is provided is available to the public; or (b) after it is provided, becomes available to the public through no act, or failure to act, of the discovering party.

## SUBMISSION TO THE COURT

23. The parties agree to submit this Protective Order to the Court for adoption as an Order of the Court.

24. Any party may apply to the Court for a modification or amendment to this Protective Order should reasonable good faith efforts to resolve the issue informally prove unsuccessful.

///

///

25. This Protective Order is without prejudice to the right of any party to seek relief from the Court, for good cause shown, from any of the provisions contained in paragraphs 1 through 25, inclusive, hereof.

**IT IS SO STIPULATED**.

DATED: March 6, 2019          FOX ROTHSCHILD LLP

By  */s/ Henry Whitehead* (w/permission)
MICHAEL EIDEL
HENRY WHITEHEAD
Attorneys for Defendants and Counterclaimants
USED CARS FOR SALE, LLC, DEALERLEADS, LLC, CARWEEK.COM, and STEVE TACKETT

DATED: March 6, 2019          DINSMORE & SHOHL LLP

By  */s/ Lindsey J. Boyd*
JOSEPH LEVENTHAL
LINDSEY BOYD
Attorneys for Plaintiff
CARSFORSALE.COM, LLC

## **ORDER**

IT IS SO ORDERED this 11th day of March, 2019.

_____
United States Magistrate Judge

# WRITTEN ASSURANCE PURSUANT TO THE STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

I, _____, have read the STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY (the "Stipulation and Order") in the above-captioned action. I understand and agree to comply with the terms of the Stipulation and Order in all respects, and hereby submit and waive any objection to the jurisdiction of the United States District Court for the Central District of California for purposes of resolving any dispute concerning or related to my compliance with the Stipulation and Order.

I understand that any violation of the terms of this Stipulation and Order may be punishable by money damages, *interim* or final injunctive or other equitable relief, an imposition of sanctions, contempt of court, or other additional relief as deemed appropriate by the Court.

Dated: _____     Signature: _____

Please print or type the following:

        Name: _____

        Title and Affiliation: _____

        Address: _____

        _____

        Telephone:_____